IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN SMITH,

      Plaintiff,                    No. CIV S-06-2174 DFL KJM P

    vs.

ROSEANNE CAMPBELL,

      Defendant.          FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983, challenging the restrictions on religious services for Muslims at Mule Creek State Prison.

      In the complaint, plaintiff concedes that he has not exhausted state remedies; he explains that "this is an emergency need, state process takes 8 to 10 months."

      The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Conditions of confinement" subject to exhaustion has been defined broadly as "'the effects of actions by government officials on the lives of persons confined in prisons.'" 18 U.S.C. § 3626(g)(2); Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001), cert. denied, 535 U.S. 906 (2002); see also

1

1  Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002).  The exhaustion requirement is

2  mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).

3       California prison regulations provide administrative procedures in the form of one

4  informal and three formal levels of review to address plaintiff's claims.  See Cal. Code Regs.

5  tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a plaintiff has

6  received a "Director's Level Decision," or third level review, with respect to his issues or claims.

7  Cal. Code Regs. tit. 15, § 3084.5.

8       Plaintiff's First Amendment claim challenges prison conditions and is subject to

9  the mandatory exhaustion requirement of the PLRA.   A prisoner's concession of failure to

10  exhaust is a proper basis for dismissal.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir), cert.

11  denied sub nom.  Alameida v. Terhune, 540 U.S. 810 (2003).

12       IT IS HEREBY RECOMMENDED that this action be dismissed without

13  prejudice.

14       These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16  days after being served with these findings and recommendations, plaintiff may file written

17  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

18  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

19  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

20  F.2d 1153 (9th Cir. 1991).

21  DATED:   November 21, 2006.

22  _____

23  U.S. MAGISTRATE JUDGE

24

25

26  2 /smit2174.56